UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) CHARLES BATES and<br>(2) AARON LENARDIS,<br><br>Defendants | Criminal No. 23cr10040<br><br>Violations:<br><br>Count One: Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl<br>(21 U.S.C. § 846)<br><br>Count Two: Possession with Intent to Distribute 500 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl<br>(21 U.S.C. § 841(a)(1))<br><br>Count Three: Felon in Possession of Firearms and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE
Conspiracy to Possess with Intent to Distribute
500 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl
(21 U.S.C. § 846)

The Grand Jury charges:

From on or about August 30, 2022, through on or about October 25, 2022, in Saugus, in the District of Massachusetts, and elsewhere, the defendants,

1

           (1) CHARLES BATES and
           (2) AARON LENARDIS,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

    It is further alleged that the offense charged in Count One involved 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to this Count.

    It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to: (1) CHARLES BATES and (2) AARON LENARDIS. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendants (1) CHARLES BATES and (2) AARON LENARDIS.

    It is further alleged that, with respect to Count One, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to: (1) CHARLES BATES and (2) AARON LENARDIS. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to defendants (1) CHARLES BATES and (2) AARON LENARDIS.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Possession with Intent to Distribute
500 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(vi))

The Grand Jury further charges:

On or about October 25, 2022, in Saugus, in the District of Massachusetts, and elsewhere, the defendant,

(2) AARON LENARDIS,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(vi).

COUNT THREE
Felon in Possession of Firearms and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about October 25, 2022, in Saugus, in the District of Massachusetts, and elsewhere, the defendant,

(2) AARON LENARDIS,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms and ammunition, that is, (1) a Smith & Wesson, model M&P 45 Shield, .45-caliber pistol with no serial number; (2) a Beretta, Pietro S.p.A., model PX4 Storm, 9mm pistol with serial number PX252858; (3) a Glock Inc., model 19, 9mm pistol with serial number AFKF647; (4) an HS Produkt (Springfield Arms), model XDS Mod. 2, .45-caliber pistol with serial number HG147683; (5) a Glock GmbH, model 19Gen4, 9mm pistol with serial number BCHT591; (6) a Beretta U.S.A. Corp., model 950 BS, .22-caliber pistol with serial number BT71020V; (7) a Smith & Wesson, model 915, 9mm pistol with serial number VAV9831; (8) a Haskell (Hi Point), model JHP, .45-caliber pistol with serial number X4306564; (9) a Taurus, model 85, .38-caliber revolver with serial number JS85278; (10) a F.N. (FN Herstal), model PS90, 5.7-caliber rifle with serial number FN105501; (11) a Remington Arms Company, Inc., model 870, 12-gauge shotgun with serial number CC77413C; (12) twenty rounds of Remington .308-caliber rifle rounds; and (13) three boxes of Blazer .22-caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One and Two, the defendants,

>  (1) CHARLES BATES and
>  (2) AARON LENARDIS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant -

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
## 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.   Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(g), set forth in Count Three, the defendant,

(2) AARON LENARDIS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense.   The property to be forfeited includes, but is not limited to, the following:

   a. One Smith & Wesson, model M&P 45 Shield, .45-caliber pistol with no serial number;

   b. One Beretta, Pietro S.p.A., model PX4 Storm, 9mm pistol with serial number PX252858;

   c. One Glock Inc., model 19, 9mm pistol with serial number AFKF647;

   d. One HS Produkt (Springfield Arms), model XDS Mod. 2, .45-caliber pistol with serial number HG147683;

   e. One Glock GmbH, model 19Gen4, 9mm pistol with serial number BCHT591;

   f. One Beretta U.S.A. Corp., model 950 BS, .22-caliber pistol with serial number BT71020V;

   g. One Smith & Wesson, model 915, 9mm pistol with serial number VAV9831;

h. One Voltran Av Silahlari Ltd., model Ekol Dicle, 9mm pistol with serial number ED1321040169;

i. One Polymer80, Inc., model PF940SC, .40-caliber pistol with no serial number;

j. One Haskell (Mfgr), model JHP, .45-caliber pistol with serial number X4306564;

k. One Taurus, model 85, .38-caliber revolver with serial number JS85278;

l. One F.N. (FN Herstal), model PS90, 5.7-caliber rifle with serial number FN105501;

m. One Remington Arms Company, Inc., model 870, 12-gauge shotgun with serial number CC77413C;

n. One frame of a Charter Arms, model Undercover, .38-caliber revolver with serial number 10-21402;

o. Second Chance body armor recovered from 383 Essex Street, Saugus, Massachusetts, on October 25, 2022;

p. 893 rounds of assorted make and caliber of commercially manufactured ammunition recovered from 383 Essex Street, Saugus, Massachusetts, on October 25, 2022;

q. A Glock firearm box with three empty Glock magazines, serial number BCHT591, recovered from 383 Essex Street, Saugus, Massachusetts, on October 25, 2022; and

    r. Seven handgun magazines recovered from 383 Essex Street, Saugus, Massachusetts, on October 25, 2022.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
SAMUEL R. FELDMAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: FEBRUARY 16, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/ Thomas F. Quinn  2/16/23 @ 12:45pm
DEPUTY CLERK